**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHELLE REESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| INVESTITECK FRAUD INVESTIGATIONS, | ) | `08cv1497` |
| | ) | `FILED:03/13/08    AEE` |
| Defendant. | ) | `JUDGE NORDBERG` |
| | | `MAG. JUDGE DENLOW` |

## COMPLAINT

NOW COMES the Plaintiff, MICHELLE REESE, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., complaining against the Defendant, INVESTITECK FRAUD INVESTIGATIONS, and alleging as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692 et seq.

### JURISDICTION AND VENUE

2.      Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

### PARTIES

3.      Plaintiff, Michelle Reese ("Plaintiff"), is an individual who was at all relevant times residing in the City of Crest Hill, State of Illinois.

4.      At all relevant times herein, Defendant, Investiteck Fraud Investigations, ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Venture.

5.      Defendant is a corporation that has its principal place of business and its offices located in the State of Nevada.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. INVESTITECK FRAUD INVESTIGATIONS

6.      In January of 2008, Plaintiff began receiving telephone calls from a representative of Defendant attempting to collect a debt allegedly owed to Venture.

7.      In the initial conversation, Defendant contacted Plaintiff at home and accused Plaintiff of being a criminal.

8.      Defendant told Plaintiff it would take her to court and put her on a national check fraud list for a check Plaintiff wrote in 1993 for $27.00 that was allegedly overdrawn.

9.      Defendant continued to place telephone calls to Plaintiff as early as 7:30 a.m. Plaintiff was so afraid that she contacted the police regarding Defendant and in response, Defendant faxed the police department a copy of the check written by Plaintiff in 1993 with a cover letter.

10.      Defendant contacted Plaintiff at her place of employment, spoke with her receptionist and told her that it would be sending the sheriff out to get Plaintiff.

11.      Further, Defendant left a message for Plaintiff's boss stating that Defendant needed to speak with him regarding one of his employees.

12.      Defendant is now seeking to collect $800.00 for a check dating back to 1993 that was initially written for $27.00.

13.      In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

    a.      Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stated that such consumer owes any debt in violation of 15 U.S.C. § 1692 b(2);

    b.      Falsely represented the character, amount or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);

    c.      Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person in violation of 15 U.S.C. § 1692e(4);

    d.      Threatened to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5); and

    e.      Falsely represented or implied that the consumer committed any crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. § 1692e(7).

14.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MICHELLE REESE, by and through her attorneys, respectfully prays for judgment as follows:

    a.      All actual compensatory damages suffered;

    b.      Statutory damages of $1,000.00 for Plaintiff;

    c.      Plaintiff's attorneys' fees and costs;

    d.      Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

Respectfully Submitted,
**MICHELLE REESE**


By:    s/Larry P. Smith
                 Attorney for Plaintiff

LARRY P. SMITH & ASSOCIATES, LTD.
Attorneys for Plaintiff
205 North Michigan Avenue
40TH Floor
Chicago, Illinois 60601
Ph (312) 222-9028
Fax (312) 602-3911